## EDWARD SMITH v. ROBERT McDOWELL.

The purchaser of a slave, to entitle himself to the benefit of the third section of the act of 2d January, 1834, which provides that one who institutes a redhibitory action on the ground that the slave is a runaway or thief, shall not be bound to prove that such vice existed before the sale, when discovered within two months thereafter, where such slave had not been more than eight months in the State, must show that the slave has not resided therein for eight months preceding the sale.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Greiner*, for the plaintiff.

*C. M. Jones*, for the appellant.

MARTIN, J. The defendant is appellant from a judgment cancelling the sale of a slave made by him to the plaintiff, and condemning him to the reimbursement of the price, on the ground of the slave being addicted to running away, and not having been, at the time of the sale, more than two months in the State. The sale took place on the 12th of March, 1840; and the slave ran away early in April following, was caught, but ran away again, being the second time within the space of six weeks. No evidence was given of his having run away before the sale to the plaintiff. Defendant relied on the act of the General Assembly of 1834, which provides that the plaintiff, in a redhibitory action, shall not be bound to prove that the habit of running away existed before the date of the sale, whenever said vice shall have been discovered within two months thereafter. This act, however, does not extend to slaves, who have been more than eight months in this State.* The defendant contended that this act ought not to govern the present case, as the slave had been more than eight months in this State before the sale. McClay deposes that he lived with James R. McDowell, in Vicksburg, in the State of Mississippi, who had a plantation on the opposite side of the river, in the State of Louisiana. That James R. McDowell was the owner of a slave named Bob, whom he sent for sale to Robert McDowell, his brother, in New Orleans. That the slave had a wife on his master's plantation, and was a plantation hand. The witness is certain that in the years 1838, 1839, and up to February or March, 1840, the most of the slave's time was spent on the plantation. Sands, a witness for the plaintiff, deposes that, on inquiry by the latter

---

* The act of 2d January, 1334, provides—

Sect. 3. That the buyer of a slave, who institutes a redhibitory action on the ground that such slave is a runaway or thief, shall not be bound to prove that such vice existed before the date of the sale, whenever said vice shall have been discovered within two months after the sale, and no renunciation of this privilege shall be valid; *provided*, however, that where unusual punishments have been inflicted, this legal presumption in favor of the buyer shall cease; *and provided, also,* that if any redhibitory, bodily or mental, maladies, discover themselves within fifteen days after the sale, they shall be presumed to have existed on the day thereof, any law to the contrary notwithstanding; *and provided, also,* that the provisions of this section shall not apply to slaves who have been more than eight months in this State.

as to the time that the slave had been in Vicksburg, the defendant said that the slave had been there about four years. The plaintiff was bound to prove that the slave had resided for the eight months preceding the sale in Vicksburg, in the State of Mississippi. This he established by the declaration of the defendant. McClay, a witness for the defendant, deposed that the slave spent most of his time on the plantation, before he was sent to New Orleans for sale. This excludes the idea that he resided exclusively on the plantation. The testimony of Sands appears to have preponderated, in the opinion of the judge, over that of McClay. No other witness has said any thing on this point. We are unable to say that the judge erred.

*Judgment affirmed.*