PETER HOGAN *v.* JAMES NICHOLSON.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*G. B. Duncan*, for the plaintiff.
*F..B. Conrad*, for the apellant.

MORPHY J.   The petitioner claims $1318 as a balance due him under contract for work and labor done as a carpenter, in the construction of a house belonging to the defendant, for certain extra work executed at the latter's request, and for putting up two cisterns on the premises.   The answer avers that, so far from being indebted to the plaintiff on account of the building of his house, the defendant is entitled to claim of the plaintiff $1500, by reason of the latter's failure to comply with his contract; that instead of building the house thirty feet square according to the contract, whereby the same would have had a front on St. Mary street of thirty feet, that being the front line of the lot on which the house is built, it was ascertained, some time after the completion of the work, that plaintiff had built it in such a manner as to give it a front of thirty feet and five inches; that the house consequently exceeds the limits of defendant's lot on each side, and encroaches on three or four lots belonging to other persons, as well as on a space of ground intended as a public street; that both gables of defendant's house will have to be pulled down so as to bring the same within the lines of his property; that the cost of the work and alterations thus rendered necessary from the neglect and carelessness of the plaintiff, will be $800; that in addition to the actual loss and expense, defendant will be put to a great deal of trouble and annoyance, the house being his residence, and all his furniture being in the same; that the contract has not been complied with in many other important particulars, the work in and about the house having been done in a loose and careless manner; that the roof and gable ends are so badly constructed that they leak; that the fence is falling down, &c.   The answer further avers that the defendant has paid to the plaintiff about $820, reducing the balance due on the contract, to $220, which would have been paid had plaintiff complied with his engagements;

that the alterations, if any were made, diminished the work and labor reqnired, by the original contract and plan, and do not entitle the plaintiff to any demand for extra work; and, finally, that his charge for making the cisterns is exorbitant, even were they properly constructed, but that they were built in an unworkmanlike manner, and with bad materials, &c.

The case was tried by a jury, who gave a verdict in favor of the plaintiff, for $387 45. Without making any effort to obtain a new trial, the defendant suffered judgment to be entered up accordingly, and took this appeal.

The testimony in relation to the defects in the work, and the value of the extra work and cisterns, is contradictory, as is usually the case in difficulties of this kind. It is shown that many of the defects complained of, were owing to the greenness of the materials employed, which were furnished by the defendant; that the plaintiff, who engaged to do the carpenter's work, had nothing to do with the foundations of the house, which were built with bricks; that it is the business of the person who builds the foundations to get the proper lines, and that in constructing a frame house, it is the duty of the carpenter so to lay the frame, that the wood work should project a little, and cover the brick foundations from bad weather, &c. After a full investigation of all the facts of the case, the jury have rendered a verdict with which the inferior Judge has declared himself satisfied. We find nothing in the evidence which makes it our duty to disturb it, especially when its correctness has not been questioned below. We have often said, that objections to a verdict lose much of their weight when not made before the court which tried the cause, and when the record presents only questions of fact. 1 Mart. N. S. 717.   5 La. 446.

*Judgment affirmed.*