<div style="float:right">VARILLAT<br>v.<br>CARROLLTON R.R.</div>

SLIDELL, C. J. I concur with Mr. Justice Spofford in the opinion, that the District Judge erred in refusing to charge the jury as requested by the defendant, and in charging, as he did, upon the third point.

My views on the subject of damages, in cases of offences and quasi-offences, were stated in *Black* v. *Carrollton Railroad Company*, to which I refer.

I think the judgment should be reversed, and the cause remanded for a new trial.

---

## WRIGHT *v.* FERRIN et al.

Defendant had been in possession of the land in controversy since 1836, under a preemption claim. Plaintiff claimed the land under a deed from *Millaudon*, to whom he alleged plaintiff had assigned the preemption claim. The verity of the assignment formed the *gist* of the action. The jury found for defendant and the court refused to disturb the verdict, principally upon the ground of the undisturbed po session of the land by defendants since 1836; the exclusion of warranty in the sale from *Millaudon* to plaintiff; the denial of the pretended transfer ; the suggestion of fraud ; the substitution of a copy for the original assignment, which could not be produced, and in which no price is stated. *Held :* That these, and other circumstances, cast a cloud upon the plaintiff's title, and that as he made no effort to disturb the verdict of the jury in the court below, he could not be relieved on his record ⸱ on appeal.

THIS case was tried by a jury in the District Court of the Parish of Plaquemines, *Rousseau*, J.

*Foulhouse*, for plaintiff and appellant. *J. Q. Bradford*, for defendant.

---

## SAME CASE—ON A REHEARING.

SPOFFORD, J. It appearing, by a supplemental transcript filed with the pe. tition for a rehearing, that the judgment appealed from was duly signed, and that the defect in the former transcript was not owing to the fault of the appellant, it is ordered, that the judgment dismissing the appeal, heretofore rendered, be set aside. As briefs have been filed by both parties, we proceed to give our opinion upon the merits of the cause.

This is a petitory action for a tract of land, containing about two hundred acres, situated in the parish of Plaqumines. The plaintiff alleges that he purchased it of *Laurent Millaudon*, for the sum of five hundred dollars, by notarial act passed in New Orleans, on the 6th of October, 1847; that *Millaudon*, as assignee of *Elizabeth Ferrin* and *Caroline Clements*, acquired the same by patent from the United States, on the 8th of September, 1845; that the said

*Elizabeth Ferrin*, wife of *William Bridges*, and one *Caroline*, f. w. c., representing herself as the daughter of the said *Caroline Clements*, who is now dead, are in possession of the said land, claiming as owners, and refuse to give it up, notwithstanding amicable demand; that they have caused the land to deteriorate by over cultivation, and by refusing to deliver possession, have occasioned to petitioner the loss of several valuable crops; he, therefore, sues the parties for the land, and one thousand dollars damages.

The defendants filed separate answers, but they both aver that the land in question wat settled more than thirty years ago, and that *Elizabeth Ferrin*, one of the defendants, and *Caroline Clements*, the vendor of the other, were the original preëmptors, and acquired title by virtue of a purchase from the United States, and that they have never assigned their title to *Laurent Millaudon*, as alleged, and that if any act of transfer exists, it has been obtained through fraud; they further plead the preëmption acts of May —, 1830, and June 19th, 1834, and aver that they have made improvements in good faith to the value of $5,000; they plead the prescription of ten years, and ask for a trial by jury.

The jury found a verdict for the defendants, and there was judgment accordingly. The plaintiff, without asking for a new trial in the court below, has taken this appeal.

In a case like this, turning upon the validity and good faith of a pretended transfer of title to land, the verdict of a jury of the vicinage, and the opinion of the District Judge presiding in the parish, where the land is situated, are entitled to great consideration. The plaintiff has filed no assignment of errors and suggested no misdirection of the Judge, or misconduct of the jury. By neglecting to ask for a new trial, he has deprived us of the benefit we often derive, from knowing the reasons which controlled the action of the court of the first instance.

Unless there is flagrant error in the verdict and judgment, they should not, therefore, be disturbed. *Nettles* v. *Scott*, 17 L. 336. *Hogan* v. *Nicholson*, 6 Rob. 362. *Hughes* v. *Lee*, 3 Rob. 430. *Lambett* v. *Murray*, 15 L. 466. *Lepretre* v. *Miote*, 1 N. S. 717. *Carter* v. *Caldwell*, 15 L. 491. *Woolsey* v. *Paulding*, 9 M. 286.

The defendants showed title by a certificate of purchase from the United States, issued from the proper land office, on the 10th of June, 1836. They have been in peaceable possession ever since, until the institution of this suit in 1850.

But it is pretended, that on the next day after making their entry, to wit, on the 11th June, 1836, the preëmptors, *Elizabeth Ferrin* and *Caroline Clements*, sold and assigned their title thus acquired to *Laurent Millaudon*, in whose favor the patent issued in 1845; and a copy of an assignment on file in the General Land Office at Washington, is produced as the original basis of the plaintiff's title. The verity and binding force of that instrument form the *gist* of the controversy.

It is an act *sous seing privé* in its form, and purports to have been signed by the grantors with their ordinary marks, attested by two witnesses; at the foot thereof is the following certificate: "Acknowledged before me, this 11th day of June, A. D. 1836, *Elizabeth Ferrin* and *Caroline Clements*, not knowing how to write, making their marks. (Signed,) Jos. B. WILKINSON, Justice of

the Peace." The body of the instrument recites, that "for value received," they assign, transfer, convey and set over, unto *Laurent Millaudon*, all their right, title, claim and demand, to a tract of land purchased by them on the 10th of June, 1836, as per the Receiver's receipt, No. 878, describing the land in dispute, and another tract of 159 acres, and requesting that a patent may issue to said *Millaudon*, his heirs or assigns.

The patent did issue to *Millaudon*, and he conveyed the land in dispute to the plaintiff as set forth in the petition. But the deed contains the following noteworthy clauses :

"Which said tract was acquired from the government of the United States, by the said vendor, as assignee of *Elizabeth Ferrin* and *Caroline Clements*, by a patent retained by the vendor, as it covers other lands owned by him ; it being well understood and agreed by and between the parties hereto, that this sale is made without any warranty whatsoever on the part of the said vendor, except against his own personal acts and deeds, and that, in case of eviction, he shall not be liable to a restitution of the price or the payment of any damages, the said purchaser simply taking the place of the said vendor in relation to said land, and being subrogated to his rights," &c.

It is proper to observe, that *Millaudon* himself was not in the parish of Plaquemine at the date of the purchase in his name. A person, acting as his agent, appears to have been engaged in land speculation there in 1836.

There is something singular in the state of things as presented by the pleadings and evidence. But, the continued and undisturbed possession, by the defendants, of the land it is alleged they sold in 1836 ; the exclusion of warranty against eviction in the act of sale from *Millaudon* to the plaintiff; the special denial of the pretended transfer, and the suggestion of fraud contained in the answers taken in connection with the facts that the original assignment could not be produced, and that, although one of the witnesses thereto, as well as the Justice of the Peace before whom the same purported to have been acknowledged, were witnesses upon the trial, yet the plaintiff not only neglected to examine them as to the execution of the private act which forms the basis of his title, but actually objected to the answers of the justice elicited by the defendants, which went to show that such a transfer of the land sued for, was not in reality made. All these circumstances, added to the fact that no price is stated in the act of transfer, or proved *aliunde* so that it lacks a necessary ingredient of the contract of sale, throw such a cloud over the pretensions of the plaintiff, that the verdict of the jury cannot be considered as manifestly against the law and evidence.

As the plaintiff made no effort to disturb it in the court below, he cannot, upon this record, be relieved here.

It is therefore ordered, adjudged and decreed, that the judgment heretofore rendered by this court, dismissing the appeal, be set aside ; and it is further ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.